UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Joyce Landry | § |
| Plaintiff, | § |
| | § |
| vs. | §  Civil Action No. _____ |
| | § |
| Consumer Portfolio Services, Inc., | § |
| | § |
| Defendant. | § |

**COMPLAINT FOR FAIR DEBT COLLECTION PRACTICES ACT AND OTHER CLAIMS**

Plaintiff, complains of the Defendant(s) as follows:

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental) and 15 U.S.C. § 1692k(d) (FDCPA). The state law claims are so closely related to the federal question claims in this action that they form part of the same case or controversy.

2. This Court has personal jurisdiction over the Defendant(s) and venue is proper in this judicial district under 28 U.S.C. § 1391 and 15 U.S.C. § 1692k(d), because the events or omissions complained of took place at least in part in this judicial district and Defendant corporation can be deemed to reside in this district by virtue of having at least the minimum contacts required there

3. Plaintiff is a natural person.

4. Defendant Consumer Portfolio Services, Inc., hereinafter Defendant or CPS, is a California corporation headquartered at: 16355 LAGUNA CANYON, IRVINE CA 92618, (949) 753-6800, www.consumerportfolio.com.

5. The events described below took place at or near Houston, Texas in this judicial district.

6. On or about Sunday, October 28, 2007, a person purporting to represent Defendant CPS knocked on Plaintiff's door and informed Plaintiff's son Earl Harrison and daughter-in-law Georgia Amador that the person was there to pick up the car because Plaintiff had allegedly volunteered to give it up.

7. This person who knocked on Plaintiff's door had the apparent authority to represent Defendant CPS therefore either was an agent of CPS or CPS is otherwise liable for the actions of this person.

8. Ms. Amador asked the person to leave or she would call the police, and in return the person stated go ahead, because they are going to arrest Plaintiff anyway.

9. On or about Tuesday, October 30, at 8:33 a.m., a person called Plaintiff's residence and her son Mr. Harrison answered. The caller ID showed the number as (407) 551-6400 which is one of Defendant's telephone numbers. The person introduced himself as "Agent Edward ..........." from "ACS in Downtown Houston." The person said that Plaintiff had to call by noon or a warrant would be issued for her arrest.

10. The same person who called at 8:33 a.m. called around lunchtime the same day and again spoke to Mr. Harrison telling him that he would be at Plaintiff's house at 5 p.m. With a warrant to pick her up.

11. The use of "ACS" and "Agent Edwards" makes Defendant CPS and John Doe debt collectors, by virtue of a name other than ones own. 15 U.S.C. § 1692(a)(6).

12. The debt which was attempted to be collected was for an automobile for personal, family, or household use and is therefore a consumer debt.

13. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt by among other things by threatening to arrest the Plaintiff unless the vehicle was surrendered immediately. 15 U.S.C. § 1692d.

14. Defendant used false, deceptive, or misleading representation or means in connection with the collection of the debt, among other things, at least by falsely implying that they were part of law enforcement by the use of "Agent Edwards" and by suggesting that Plaintiff would be arrested, whether or not such action was intended. 15 U.S.C. § 1692e.

15. Defendant communicated improperly with third parties to with Debtor's family. 15 U.S.C. § 1692c(b).

16. The above acts are a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

17. The above acts were attempts to collect a consumer debt in violation of Chapter 392 of the Texas Finance Code, including but not limited to: Section 392.301 threats or coercion of acts prohibited by law.

18. Any acts that violates the Fair Debt Collection Practices Act that also violate Chapter 392 of the Texas Finance Code are hereby also incorporated into that claim.

19. The above acts constitute an unreasonable debt collection effort and intentional infliction of emotional distress under Texas tort law and the allegations are also incorporated for that purpose.

20. The above acts by Defendant have caused Plaintiff injury and have required Plaintiff to employ the services of her attorney to prosecute this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court enter a judgment in favor of Plaintiff;

    a) declaring that the Defendant's actions are in violation of law as described above,

    b) awarding Plaintiff damages for Plaintiff's losses caused by Defendants, statutory damages, and any damages to which Plaintiff may be entitled.

    c) in favor of Plaintiff for attorneys fees and costs in bringing this adversary proceeding,

    d) and granting Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

12/13/07\_\_\_\_\_            /s/ Alexander B. Wathen_____
Date                         Alexander B. Wathen
                               Attorney for Plaintiff
                               Texas Bar No. 24005122
                               10333 Northwest Freeway, Ste. 503
                               Houston, TX 77092
                               Ph. (281) 999-9025
                               Fax (713) 758-0330
                               wathenecf@juno.com